IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MICHAEL STREETER,<br><br>Plaintiff,<br><br>vs.<br><br>SAEILO, INC.,<br><br>Defendant. | **4:18CV3077**<br><br>**ORDER** |

**STIPULATED PROTECTIVE ORDER**

**THE PARTIES TO THIS LAWSUIT:** Plaintiff MICHAEL STREETER, by and through his attorneys of record, DOWDING, DOWDING, DOWDING & URBOM, and Defendant SAEILO INC. d/b/a KAHR ARMS, by and through their attorneys of record, RENZULLI LAW FIRM, LLP, and ERICKSON SEDERSTROM, P.C., shall be bound by and adhere to the terms and conditions of the following Protective Order.

1. Definitions:

    (a) "Document" means all written, recorded or graphic matter however produced or reproduced, and all objects and tangible things including, but not limited to, pleadings, records, graphs, charts, audiotapes, videotapes, notes, invoices, electronically-stored data, exhibits, answers to Interrogatories, responses to Requests for the Production of Documents, responses to Requests for Admissions, and deposition transcripts.

    (b) "Protected Document" means any document (including, but not limited to, any and all excerpts, digests, summaries or indices thereof) produced during discovery or at the trial of this action which is of a proprietary, confidential, trade secret, or of a commercially and/or competitively sensitive nature and is designated in good faith at the time of production by the producing party to be a "Protected Document." A "Protected Document" shall continue to be a "Protected Document" until such time as the producing party expressly agrees in writing that the document is no longer considered to be a

     "Protected Document" or there is a finding by this Court that the document is not the proper subject of protection under Nebraska law.

  (c)  "Protected Testimony" means any testimony given by way of deposition, Interrogatory or at trial of this action (including, but not limited to, any and all excerpts, digests, summaries or indices thereof) which is of a proprietary, confidential, trade secret or of a commercially and/or competitively sensitive nature and is designated in good faith at the time the testimony is given by the testifying party to be "Protected Testimony." "Protected Testimony" shall continue to be "Protected Testimony" until such time as the producing party expressly agrees in writing that the testimony is no longer considered to be "Protected Testimony" or there is a finding by this Court that the testimony is not the proper subject of protection under Nebraska law.

  (d)  "Party" means any party to this action, its parent, subsidiary, or affiliated entities, if any, and its shareholders, directors, officers, employees, and agents or representatives.

  (e)  "This case" or "this action" or "this litigation" means the above captioned matter currently pending in the United States District Court for the District of Nebraska styled *Michael Streeter v. Saeilo, Inc., d/b/a Kahr Arms,* Case No. 4:18-cv-03077-CRZ.

2.  **IT IS HEREBY ORDERED AND AGREED** that any and all documents produced or to be produced by any party to this action pursuant to any Disclosure, Subpoena, Interrogatory, Request for Production of Documents and/or Request for Admission served by any other party, or testimony given by way of deposition, Interrogatory or at trial for which the producing or testifying party asserts a claim of proprietary, confidential, trade secret or otherwise sensitive commercial information as defined in paragraphs 1 (b) and (c) above and properly designated as "Protected Documents" or "Protected Testimony" shall be subject to this Protective Order. These documents, information, and testimony are to be maintained in a confidential manner under the procedures as hereinafter set forth below.

3.  Without further order of this Court, requesting or receiving parties may show "Protected

Documents" and/or "Protected Testimony," and may disclose the contents thereof, **only** to the following persons (hereinafter referred to as "Qualified Persons"):

    (a)    Counsel of record in this action for requesting or receiving party; counsel of record shall be limited to attorneys who have filed an official appearance with the Court in this action or specifically appeared on pleadings or discovery by listing their name, firm information, address, telephone number and party represented;

    (b)    Regular employees working under direct supervision of counsel of record in this action assigned to and necessary to assist such counsel in the preparation or trial of this action;

    (c)    *Bona fide* independent (i.e., not employed by or affiliated with a party or an affiliated company of a party) experts whom counsel, in good faith, reasonably anticipates will testify at trial as experts and any consulting experts only to the extent necessary for preparation, formulating opinions or testifying in this action, subject to all of the terms and conditions of this Order;

    (d)    Any person who authored, created, or received the "Protected Document" or "Protected Testimony" prior to their production in this litigation;

    (e)    A court reporter retained by a party for deposition; and

    (f)    The Court and its personnel and any jury impaneled in this action.

4.    In the event that any person, expert or witness in this action or other "Qualified Person" is not willing to agree to be bound by this Protective Order, the party seeking confidentiality may move the Court for an Order compelling the person to comply with this Protective Order within fifteen (15) days of written notification that the person is unwilling to be bound. This provision is without waiver to any party's right to move the Court for a ruling on whether it may use material designated as a "Protected Document" or "Protected Testimony" pursuant to this Protective Order in questioning an expert or witness who refuses to sign and is not compelled by the Court to maintain confidentiality.

5.  If a person, expert, witness or other "Qualified Person" refuses to acknowledge and be bound by this Protective Order during the course of a deposition, the deposition may be adjourned so that the party seeking confidentiality may move for an order compelling the person, expert or witness to comply with this Protective Order within twenty (20) days following the refusal to sign this Protective Order. The time for filing such a motion, when the refusal is during a deposition, is controlled by this paragraph.

6.  Every "Protected Document" copied for production (including excerpts, digests, summaries or indices thereof) shall be clearly marked as follows:

**Protected Document**
**Streeter v. Saeilo, Inc., d/b/a Kahr Arms**
**In the United States District Court**
**For the District of Nebraska**
**Case No. 4:18-cv-03077-CRZ**
**SUBJECT TO PROTECTIVE ORDER**
**DO NOT COPY**

and shall remain at all times under the custody of counsel for the party or parties obtaining such documents, or their experts as defined in paragraph 3(c) above only.

7.  "Protected Testimony" shall be noted in the record at the start and the conclusion of "Protected Testimony" and shall remain at all times under the custody of counsel of record for the party or parties obtaining such testimony, or their experts as defined in paragraph 3(c) above only. The parties agree that entire transcripts with attached exhibits shall be marked as "Protected Testimony" and that, within twenty (20) days of receipt of such transcripts, the party seeking confidentiality must affirmatively identify those portions of the transcripts which the party contends are subject to this Protective Order.

8.  If any party challenges the confidentiality designations of any "Protected Document" or "Protected Testimony," the party shall provide written notice of its challenge and the parties shall confer in good faith to attempt to resolve the dispute. If the parties are unable to resolve the dispute, the party challenging the confidentiality designation may seek appropriate relief from the Court. The party claiming confidentiality will have the burden of proving that the challenged confidentiality designation is appropriate in the

circumstances. All interested parties will make best efforts to resolve such disagreements as to confidentiality before submitting them to the Court.

9. If a party contends in good faith that any document or testimony has been erroneously designated as a "Protected Document" or "Protected Testimony" and subject to this Protective Order, the party and any "Qualified Person" shall nevertheless treat the document as a "Protected Document" and the testimony as "Protected Testimony" unless and until the party either: (a) obtains the producing party's written permission to do otherwise, or (b) if the producing party refuses to give such permission, an order of the Court is obtained finding that the document or testimony is not subject to this Protective Order.

10. "Protected Documents," the material contained therein and "Protected Testimony" shall not be used or shown, disseminated, copied or in any way communicated to anyone for any purpose whatsoever other than "Qualified Persons," as defined above. Except as provided for in paragraph 3 above, the parties and "Qualified Persons" shall keep all "Protected Documents," the material contained therein and "Protected Testimony" confidential from all persons.

11. Before being given access to any "Protected Document" or "Protected Testimony," each "Qualified Person" to whom a receiving party and/or anyone acting on the party's behalf including, but not limited to, the party's counsel of record, agents and/or representatives, intend to deliver, exhibit, disclose or otherwise communicate and/or disseminate any "Protected Document," material contained therein or "Protected Testimony" in any form whatsoever, such "Qualified Person" shall be advised of the terms of this Protective Order, shall be given a copy of this Order, and shall agree, in writing, to be bound by its terms by execution of the Affidavit attached hereto as Exhibit "A." The party's counsel of record shall maintain a list of all "Qualified Persons" to whom any "Protected Document," material contained therein or "Protected Testimony" is provided, specifying the "Protected Document," material or "Protected Testimony" provided to the "Qualified Person" and that list shall be available for inspection by the Court only in the event that

the producing party reasonably and in good faith believes that the provisions of this Protective Order have been violated.

12. Counsel of record for a requesting or receiving party shall keep records of all copies of each "Protected Document" or "Protected Testimony" made and/or distributed, in whole or in part, or any summaries or excerpts thereof to "Qualified Persons." Any copies so distributed shall be returned to the respective counsels immediately upon the completion of the "Qualified Person's" retention in this case.

13. To the extent that any "Protected Document" or information obtained therefrom, is used in the taking of depositions, all such "Protected Documents" and information shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with the "Protected Documents," "Protected Testimony" or information. At the time any "Protected Document" is used in any deposition, the reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order, and the reporter shall mark the deposition transcript as "Confidential." Any "Protected Documents" marked as exhibits shall be kept in a separate sealed envelope, with the envelope appropriately marked that the contents are subject to this Protective Order. In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order in substantially the same form as follows below:

> **This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof displayed, or revealed except by order of the Court, or pursuant to written stipulation of the parties.**

14. All documents that are filed with the Court that contain any portion of any "Protected Document" or information taken from any "Protected Document" (in summary form or otherwise) shall be filed in a sealed envelope, or other appropriate sealed container on which shall be endorsed the caption of the litigation and a notation that the contents are subject to this Protective Order in substantially the same form as follows below:

> **This envelope is sealed and contains confidential information filed in**

> **this case by [name of party] and is not to be opened or the contents thereof displayed, or revealed except by Court personnel or by order of the Court or pursuant to written stipulation of the parties.**

15. No requesting or receiving party or "Qualified Person" who receives copies of any "Protected Documents" or "Protected Testimony" or any part, portion, summary or excerpt thereof produced in accordance with this Protective Order, is authorized to disseminate or distribute in any manner, all or any part of the "Protected Document" or "Protected Testimony" to any other person, firm, corporation or organization, without the prior written consent of the producing party, or upon further order of this Court.

16. That all documents, information, or other data disclosed by the producing party, which are the subject of this Protective Order, shall be used solely for the purposes of this litigation and not for any other purpose, including any business purpose or any other litigation, mediation or arbitration.

17. Within twenty (20) days from and after the conclusion of this litigation, including any appeals, either: (a) by compromise settlement, (b) by stipulated dismissal, (c) by entry of judgment, or (d) by conclusion of appeals, whichever shall occur first, copies of all "Protected Documents," "Protected Testimony" or other materials subject to this Protective Order shall be destroyed by counsel for the party who sought their production who shall provide a certification to counsel for the producing party attesting to the destruction of all materials.

18. No requesting or receiving party, their counsel of record or experts, shall under any circumstances sell, offer for sale, advertise, communicate, disseminate, withhold or otherwise publicize either the contents of "Protected Documents" or "Protected Testimony," or the fact that the requesting or receiving party has obtained confidential and/or privileged documents or testimony from the producing party.

19. This Protective Order shall be binding upon the parties hereto, upon their counsel of record, and upon the parties and their attorneys' successors, executors, personal representatives, administrators, heirs, representatives, assigns, subsidiaries, divisions, employees, agents, retained

experts, and the persons or organizations over which they have control.

20. After termination of this litigation, including any appeals, the provisions of this Protective Order shall continue to be binding, except with respect to those documents and information that become a matter of public record. This Court retains and shall have jurisdiction over the parties and recipients of the "Protected Documents" or "Protected Testimony" for enforcement of the provisions of this Protective Order following termination of the litigation.

21. If a party inadvertently produces "Protected Documents" or "Protected Testimony" not designated as such, it may re-designate such information by giving written notice to all parties that the production of such information without having been designated as "Protected Documents" or "Protected Testimony" was inadvertent. Upon receipt of such notice, all parties in possession of such information must stamp all such information as provided above. Any such inadvertent production shall not be considered a waiver of the terms and conditions of this Protective Order.

22. Neither the taking nor the failure to take any action to enforce the provisions of this Protective Order, nor the failure to object to any such action or omission, shall constitute a waiver of any claim or defense in the trial that any document or communication is a "Protected Document" or "Protected Testimony" or subject to any other privileges or is inadmissible for any other reason.

Dated this 24th day of October, 2018.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

**APPROVED AND AGREED:**


_____
Joseph C. Dowding, Esq.
DOWDING, DOWDING, DOWDING & URBOM
PO Box 83103
201 N. 8th Street, Suite 242
Lincoln, NE 68501-3103
Telephone: (402) 477-1010

*Attorneys for Michael Streeter*



_____
Jerald C. Rauterkus, Esq.
Nicholas Sullivan, Esq.
ERICKSON SEDERSTOM, P.C.
10330 Regency Parkway Drive Suite 100
Omaha, NE 68114-3761
Telephone:  (402) 397-2200

and

Christopher Renzulli, Esq. (pro hac vice)
RENZULLI LAW FIRM, LLP
One North Broadway, Suite 1005
White Plains, NY 10601
(914) 285-0700  Telephone

*Attorneys for Saeilo, Inc., d/b/a Kahr Arms*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MICHAEL STREETER | ) | |
| | ) | Civil Action No. |
| Plaintiff, | ) | 4:18-cv-03077-CRZ |
| | ) | |
| v. | ) | |
| SAEILO, INC. d/b/a KAHR ARMS, | ) | |
| | ) | |
| Defendant. | ) | |

I, _____, being of lawful age, do hereby depose and state as follows:

1. I do hereby acknowledge that I have received and read a copy of the attached Stipulated Protective Order.

2. I understand the terms and conditions of the Stipulated Protective Order.

3. I agree to be bound by the terms of the Stipulated Protective Order, and will not reveal any "Protected Document" or "Protected Testimony" to any unauthorized person.

4. I will return all "Protected Documents" or "Protected Testimony" to the producing party within ten (10) days after the producing party is no longer a party to this action or within ten (10) days after I am no longer employed by counsel of record, whichever event occurs sooner.

5. I recognize that the producing party will be irreparably harmed by the dissemination or untimely retention of any "Protected Document" or "Protected Testimony."

6. I understand that unauthorized disclosures of "Protected Documents" or "Protected Testimony" in violation of this Order shall constitute contempt of Court.

7. I consent to the exercise of personal jurisdiction by this Court for enforcement of all terms of this Order.

*FURTHER AFFIANT SAITH NOT*.

        This ___ day of _____, 201__.

_____
(Name)

_____
(Address, City, State, Zip)

_____
(Telephone #)

_____
 (Affiliated Company)

Relationship to this lawsuit:

  Subscribed and sworn to before me this ___ day of _____, 201__.


            Notary Public

My Commission Expires:

CERTIFICATE OF SERVICE

  I hereby certify that on _____, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: _____, and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants: _____.

                s/_____

(Rev. 12/1/16)